*In re* MARRIAGE OF MARY SZCZOTKA, n/k/a Mary Szczotka Millon, Petitioner-Appellee, and RONALD SZCZOTKA, Respondent-Appellant.

First District (5th Division)    No. 80-0035

Opinion filed August 1, 1980.

Richard L. Brauer, of Chicago, for appellant.

Howard Rosenfeld, of Rosenfeld, Haffron, and Shapiro, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order finding respondent in contempt and $8,200 in arrears of child support. The issues he presents are whether the finding as to the amount of arrearage was correct; whether he was deprived of his due process right to a hearing; and whether the trial court should have dismissed the petition for arrearage as a matter of law.

It appears that the parties were divorced in 1974, with the decree granting custody of their 2-year-old child to petitioner and ordering repondent "to pay $30.00 as child support."

In August 1979, a petition was filed seeking a rule on respondent to show cause for failure to pay any child support as ordered in the 1974 decree. The petition asserted that respondent was to pay "the sum of $30.00 per week" and that there was an arrearage of "in excess of $8,280.00." Respondent answered, denying the pertinent allegations of the petition and asserting certain affirmative defenses—pertinent of which was that the decree provided for $30 for child support and not $30 per week. With his answer, respondent filed a motion to dismiss the petition, the merits of which will be discussed later in this opinion.

At the hearing, petitioner testified in pertinent part that on January 18, 1974, respondent was ordered to pay $30 per week child support but has paid nothing and is over $8,000 in arrears.

Respondent, called as an adverse witness under section 60, answered questions as to his earnings in 1977, 1978, and 1979, and admitted that he had paid no child support. He was not asked concerning his financial situation in any year prior to 1977. In any event, immediately after respondent's section 60 examination was completed, the following colloquy took place between his attorney and the court:

"THE COURT: Six months in jail until he pays five thousand dollars ($5,000.00).

MR. BRAUER: I'm not finished.

THE COURT: Take him away.

MR. BRAUER: We have a defense to this.
* * *

THE COURT: There's no defense. You have four defenses; laches, denied; ignorance, denied; estoppel, you didn't prove. Now,—

MR. BRAUER: We didn't present our case. The petitioner presented her case. My client was called under Section 60. I didn't have an opportunity to call my witnesses.

THE COURT: Six months in jail. Next case."

Thereupon, the court signed the order appealed from, which (1) denied the motion to dismiss and the affirmative defenses of respondent; (2) found respondent to be $8,200 in arrears of child support and provided for periodic payments therefor; and (3) found respondent in contempt of court. This appeal followed.

OPINION

■■ We will consider first the contention of defendant that he was denied due process by the refusal of the trial court to allow him to present his case.

In *In re Estate of Rackliffe* (1937), 366 Ill. 22, 26, 7 N.E.2d 754, 756, the court stated;

"It is an elementary principle of jurisprudence in all civilized countries that before property or liberty may be taken from an individual he shall have an opportunity to be heard on charges brought against him. This rule is so universal in its application to all common law, chancery or statutory proceedings that there is general agreement that no court has power otherwise to divest a person of property or punish him. In fact the recognition of that basic principle of justice is so widespread that courts are now seldom called upon to restore the rights of individuals so ruthlessly taken from them."

Here, after petitioner testified, respondent was called by her attorney as an adverse witness under section 60 of the Civil Practice Act, following which, as set forth above, the court made its ruling without affording respondent the opportunity to present his case and, in fact refused to allow him to do so. Such a denial offends the basic concept underlying due process; namely, the opportunity to be heard before being deprived of one's property, and requires a reversal.

Because this case will be remanded for a complete hearing, we will consider the other contentions raised by respondent. He first argues that the finding as to the amount of arrearage was incorrect. In this regard, we note that although the court did not expressly so state, the parties agree that the finding of $8,200 in arrearage was calculated by the court on the basis of $30 per week. Respondent posits that the original decree ordered him to pay only a lump sum of $30 so that the order appealed from was, in

effect, a retroactive modification of the original decree and, as such, is in contravention of section 510(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 510(a)), which provides in part:

> "[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification * * *."

Petitioner maintains that the court's action was proper because the use of $30 per week as the basis of its judgment was "an interpretation of the prior decree rather than a modification."

The rules of construction pertinent to contracts are applicable to the provisions of divorce decrees (*White v. White* (1978), 62 Ill. App. 3d 375, 378 N.E.2d 1255), and thus the primary objective when interpreting a divorce decree is to carry out the purpose and intent of the court (*Pope v. Pope* (1972), 7 Ill. App. 3d 935, 289 N.E.2d 9) in the light of the situation existing at the time judgment was rendered (*Waldron v. Waldron* (1973), 13 Ill. App. 3d 964, 301 N.E.2d 167). Where an ambiguity exists on the face of the decree, extrinsic evidence may be introduced to explain it (*White v. White*), and an ambiguity results when the words used are fairly susceptible of being understood in more than one sense (*Sudler v. Sudler* (1972), 6 Ill. App. 3d 546, 286 N.E.2d 113).

In the instant case, it is our view that the language in question—$30.00 child support—is susceptible of being understood as ordering respondent to make either a lump sum payment in the amount of $30 or periodic payments in $30 increments. There being this ambiguity, the trial court would have been justified in taking extrinsic evidence to explain it. No evidence, however, was introduced as to the situations of the parties at the time of the original decree nor was proof otherwise offered to explain the ambiguity. Petitioner's testimony as to her belief that the court's order was for support of $30 per week cannot be accepted as indicative of the trial court's intent and, this being the only evidence in this regard, we find that the record provided us does not justify an interpretation of $30 per week child support, and it thus follows that the award of $8,200, calculated on the basis of that interpretation, was improper.

Respondent also contends that his motion to dismiss was improperly denied. We disagree. While a number of grounds for dismissal were asserted in his motion, on appeal he argues only one; namely, that dismissal was warranted because the petition asserts respondent was ordered to pay child support of $30 per week, whereas the "decree apparently orders a $30.00 lump sum payment." However, as we noted in our discussions above, the language of the decree is ambiguous in that it can be interpreted as ordering respondent either to pay a lump sum or to make periodic payments. In view of the fact that an explanation of this

318

ambiguity was required, the motion to dismiss the petition was properly denied.

For the reasons stated, the order appealed from, finding respondent in contempt and finding a child support arrearage of $8,200, is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.