748 N.E.2d 291 (2001)
321 Ill. App.3d 823
254 Ill.Dec. 845
In re PARENTAGE OF Bremen Hall MELTON (Lynn M. Hall, Petitioner-Appellant,
v.
Brace L. Melton, Respondent-Appellee).
No. 1-00-2221.
Appellate Court of Illinois, First District, First Division.
April 16, 2001.
*293 Sandra K. Burns, Ltd., Heather Burns, River Forest, for Appellant.
Helen R. Rogal, Chicago, for Appellee.
Presiding Justice McNULTY delivered the opinion of the court:
This case, concerning the support for and visitation with Bremen Hall Melton, comes before us for a second time. During the pendency of the prior interlocutory appeal, the trial court modified its initial support and visitation order, and then the court punished Bremen's mother, Lynn Hall, for contemptuously violating the visitation order. Lynn appeals.
In April 1998 Lynn filed a petition to establish parentage and for child support, naming Brace Melton as Bremen's father. The trial court entered an agreed order on April 12, 1999, temporarily awarding Lynn child support and custody, and granting Brace supervised visitations.
Lynn then petitioned for leave to remove Bremen from Illinois to reside with her in Vermont. On April 27, 1999, the court entered an order enjoining her from removing the child from Illinois. Lynn appealed. During the pendency of that appeal, Lynn petitioned to modify support and visitation.
On January 19, 2000, the court modified the prior visitation and support. The new order permitted Brace to have visitation with Bremen for almost two days every time Brace had two days off from work. The order specified the hour for picking up and dropping off Bremen, and added that "Bremen shall be picked up or dropped off at the scheduled times at either Lynn's residence or * * * the babysitter's residence."
The court ordered Brace to pay $140 per week for child support, plus $100 per week as Brace's contribution to daycare expenses. The order required Lynn to provide Brace with a copy of each check paid to the daycare provider, and if Lynn paid less than $200 for any week, she needed to refund to Brace half of the difference between $200 and the amount paid.
This court filed its opinion in the first appeal on May 30, 2000. In re Parentage of Melton, 314 Ill.App.3d 476, 247 Ill.Dec. 295, 732 N.E.2d 11 (2000). We held that the court lacked authority to enjoin Lynn from removing Bremen from the state. Before the mandate returned all jurisdiction to the trial court, Brace petitioned for a rule to show cause and for termination of daycare payments. Brace alleged that Lynn and Bremen moved out of state and Lynn had not returned Bremen for scheduled visitation. He also alleged that since she moved she provided no proof of daycare expenses.
At the hearing held on June 12, 2000, Lynn's attorney requested time to respond prior to entry of the rule to show cause. The court denied the request. Finding the petition stated a prima facie case for contempt, the court entered the rule to show cause and set a hearing for June 28, 2000. The court also gave Lynn a week to move to dismiss the rule and to respond to the motion to terminate daycare payments.
Lynn's attorney moved to dismiss the rule and the motion for want of jurisdiction, based on the lack of a mandate from the appellate court. The trial court held that it had jurisdiction to enforce the visitation and support order dated January 19, 2000. The court reiterated that Lynn could respond to the contempt allegations at the hearing set for June 28. In a *294 separate order dated June 19, 2000, the court found Lynn no longer needed daycare for Bremen, so the court terminated the daycare payments required by the January order. Lynn filed a notice of appeal, listing the orders of June 12 and June 19 as the orders challenged.
Lynn did not attend the hearing on June 28, 2000. Her attorney again argued that the court lacked jurisdiction, but now she added that the new notice of appeal further established the lack of jurisdiction. She also argued that the termination of daycare payments constituted a sanction for contempt. The court rejected both arguments.
Brace testified that he last saw Bremen on June 2, 2000. He detailed his efforts to contact Lynn and have scheduled visitation with Bremen. He did not see Bremen for the further visits scheduled in June. On cross-examination Bremen admitted that he had not gone to Lynn's new home in Vermont to pick up Bremen for scheduled visits. Lynn presented no witnesses.
The court found Lynn in contempt and set July 6, 2000, as the date for a hearing on the imposition of sanctions.
Again on July 6, Lynn did not attend the hearing. The court committed her to jail until she complied with the visitation order. The court stayed the order for six days to give Lynn the opportunity to purge herself of the contempt. Lynn amended her notice of appeal to include the June 28 order holding her in contempt and the July 6 order imposing a jail sentence as a sanction.

I
The parties have raised a number of jurisdictional arguments. At the outset, we note that both parties have appended to their briefs documents not included in the record on appeal. Because parties cannot use briefs and appendices to supplement the record (Jones v. Police Board, 297 Ill.App.3d 922, 930, 232 Ill.Dec. 134, 697 N.E.2d 876 (1998)), we ignore the improperly appended documents.
The nature of our jurisdiction depends upon the characterization of the trial court's orders. Lynn argues that Supreme Court Rule 304(b)(5) (155 Ill.2d R. 304(b)(5)) gives us jurisdiction to review all the orders listed in the amended notice of appeal, because all of the orders found Lynn in contempt and imposed sanctions. She also argues that all of the orders are void because the trial court had not received the mandate from the appellate court prior to entry of the orders.
After the court enjoined Lynn from taking Bremen to another state, we had jurisdiction over her interlocutory appeal pursuant to Supreme Court Rule 307(a)(1). 166 Ill.2d R. 307(a)(1); Melton, 314 Ill.App.3d at 477, 247 Ill.Dec. 295, 732 N.E.2d 11. The filing of a notice of appeal from an interlocutory injunction does not deprive the trial court of all jurisdiction over a case. Payne v. Coates-Miller, Inc., 68 Ill.App.3d 601, 608, 25 Ill.Dec. 127, 386 N.E.2d 398 (1979). The notice of appeal only restrains the trial court from changing or modifying the injunction order, or from taking any other action which would interfere with appellate review of that order. In re Marriage of Holem, 153 Ill.App.3d 1095, 1099, 106 Ill.Dec. 939, 506 N.E.2d 739 (1987).
During pendency of the appeal from the injunction, the trial court here did not modify the injunction in any way. The order of January 19, 2000, modified visitation and child support, but it had no effect on appellate review of the injunction. The trial court retained jurisdiction to enter the order dated January 19.
*295 The court also retained authority to enforce the order. Dear v. Locke, 128 Ill.App.2d 356, 367, 262 N.E.2d 27 (1970); Payne, 68 Ill.App.3d at 608, 25 Ill.Dec. 127, 386 N.E.2d 398. On June 12, 2000, the court entered a rule requiring Lynn to show cause why she should not be held in contempt of court for violating the January 19 visitation order. The court had jurisdiction to enter the rule as part of its continuing jurisdiction to enforce the January 19 order. See In re Marriage of LaTour, 241 Ill.App.3d 500, 508, 181 Ill.Dec. 865, 608 N.E.2d 1339 (1993) (rule to show cause is part of enforcement of order).
Lynn characterizes the court's order of June 19, which terminated daycare payments, as a sanction for contempt. She points to the court's reference to the allegation that she moved out of state. But the court's decision rested on the finding that Lynn no longer needed daycare for Bremen. The order dated January 19 made daycare part of Brace's child support obligation, and it expressly required Lynn to give Brace a copy of each check paid to the daycare center. If Lynn paid less than $200 for a week, she needed to refund to Brace half of the difference between $200 and what she paid. Brace alleged that Lynn provided no proof of daycare payments for June. The record on appeal includes no evidence of any payments Lynn made for daycare after May 2000. If she paid nothing, then under the January 19 order, she needed to refund to Brace half of $200, which amounted to the entire $100 per week Brace owed.
We cannot construe the June 19 order as a sanction. It is not a penalty at all, because it prevents Lynn from receiving only moneys she must return to Brace under the terms of the January order. Rather than sending $100 per week on a pointless circuit from Brace to Lynn and back to Brace, the court modified the child support to terminate the daycare payments. The court made no finding of contempt, and it did not explain the order as a penalty; instead, the court treated the order as a modification of the provisions concerning child support. We find that the court had jurisdiction to enter the order of June 19 as part of its continuing jurisdiction over child support. See In re Marriage of Petramale, 102 Ill.App.3d 1049, 1053, 58 Ill.Dec. 537, 430 N.E.2d 569 (1981).
Lynn filed a notice of appeal on June 28, 2000, listing the orders of both June 12 and June 19 as the subjects of the appeal. While the timely filing of a proper notice of appeal vests jurisdiction in the appellate court, a premature notice of appeal has no effect on the trial court's jurisdiction. Gaynor v. Walsh, 219 Ill.App.3d 996, 1001, 162 Ill.Dec. 409, 579 N.E.2d 1223 (1991); In re Marriage of Tomei, 253 Ill.App.3d 663, 665, 191 Ill.Dec. 696, 624 N.E.2d 884 (1993). A contempt order is not appealable until the trial court imposes a sanction. In re Marriage of Depew, 246 Ill.App.3d 960, 967, 186 Ill.Dec. 482, 616 N.E.2d 672 (1993). Because the order of June 12 did not include any finding of contempt or impose any sanction, the appeal from that order was premature.
The order of June 19 terminated daycare payments required under the prior support order. The notice of appeal did not confer jurisdiction on this court pursuant to Supreme Court Rule 304(b)(5) (155 Ill.2d R. 304(b)(5)), because that order did not impose any sanction, and it did not involve contempt. But an interlocutory order affecting the care and custody of a child may be appealed under Supreme Court Rule 306(a)(5) (166 Ill.2d R. 306(a)(5)). Appeals under Rule 306 proceed by petition for leave to appeal, rather than notice of appeal, and this court has *296 discretion to grant or deny the petition. See Wettaw v. Retail Hardware Mutual Fire Insurance Co., 285 Ill.App. 394, 396, 2 N.E.2d 162 (1936); Mesa v. Chicago & North Western Transportation Co., 98 Ill.2d 356, 358, 74 Ill.Dec. 499, 456 N.E.2d 1 (1983). For appeals under this rule, jurisdiction does not vest in the appellate court, and the trial court retains jurisdiction over the matters involved in the appeal, until this court grants the petition for leave to appeal. See Kuhlman v. Cotter, 92 Ill.App.2d 475, 481-82, 234 N.E.2d 815 (1968).
In the interest of resolving this matter as efficiently as possible, we will treat the notice of appeal as a petition for leave to appeal, and in the exercise of our discretion we now grant the petition. See In re Custody of Purdy, 112 Ill.2d 1, 4, 96 Ill.Dec. 73, 490 N.E.2d 1278 (1986). However, this appeal had no effect on the trial court's jurisdiction for its proceedings in June and July 2000, because we had not then granted the petition for leave to appeal. Thus, the notice of appeal filed on June 28, 2000, had no effect on the trial court's jurisdiction over the matters at issue in this case.
Following an evidentiary hearing on June 28, 2000, the court found Lynn in contempt. The court entered an order on July 6, 2000, imposing a jail sentence on Lynn until she complied with the order for visitation between Brace and Bremen. Lynn amended her notice of appeal to add the order of July 6, 2000, as an order appealed. We have jurisdiction over the appeal pursuant to Supreme Court Rule 304(b)(5).

II
Lynn claims that the trial court violated Lynn's fundamental procedural rights in terminating the daycare payments by order dated June 19, 2000. She asserts first that the court did not permit her to respond to the allegations in the petition before terminating the payments. But the court order dated June 12, 2000, expressly provided: "Lynn Hall has 7 days to respond to the request to abate day care expenses." She does not explain how the order or subsequent proceedings seven days later denied her the opportunity to respond.
Next, Lynn maintains that the hearing held on June 19 did not comport with due process because the parties presented neither evidence nor legal argument prior to entry of the court order. She has not included in the record on appeal any transcript or bystander's report of the June 19 proceedings. In the absence of such a transcript or report, we must presume that the court followed legally required procedures and had a sufficient factual basis for its ruling. In re Marriage of Steinberg, 302 Ill.App.3d 845, 851-52, 236 Ill.Dec. 21, 706 N.E.2d 895 (1998). This record gives us no basis for finding any impropriety in the entry of the order terminating daycare payments.

III
The court also followed proper procedures for the civil contempt hearing on the allegation that Lynn deprived Brace of court-ordered visitation. Lynn argues that the court deprived her of the right to respond in writing prior to the entry of the rule to show cause. The argument rests on a misapprehension of the purpose of a rule to show cause. A rule to show cause informs the alleged contemnor of the allegations against her (LaTour, 241 Ill.App.3d at 508, 181 Ill.Dec. 865, 608 N.E.2d 1339) and "inform[s] the alleged contemnor of the time and place of an evidentiary hearing on the charge within a reasonable time in advance of the hearing." In re Marriage of Betts, 200 Ill.App.3d 26, 53, *297 146 Ill.Dec. 441, 558 N.E.2d 404 (1990). At the hearing the party petitioning for the contempt finding has the burden of showing contempt (LaTour, 241 Ill.App.3d at 508, 181 Ill.Dec. 865, 608 N.E.2d 1339), and the alleged contemnor has the opportunity to show compliance with the court's order (People ex rel. Illinois State Dental Society v. Norris, 79 Ill.App.3d 890, 898, 35 Ill.Dec. 213, 398 N.E.2d 1163 (1979)), or an acceptable reason, like impossibility, for noncompliance (Betts, 200 Ill.App.3d at 57, 146 Ill.Dec. 441, 558 N.E.2d 404).
The court gave Lynn 16 days to respond to the rule. While the court did not require a written response, we find no indication in the record that the court foreclosed Lynn from filing a written response before June 28, 2000, or that the court would not fully consider any evidence or arguments raised in such a written response.
The court held the evidentiary hearing as scheduled. Lynn contends that the evidence presented fails to support the finding that she violated the January 19 visitation order, because Brace did not go to Vermont to pick up Bremen for his scheduled visitation. Lynn relies on the provision for Brace to pick up Bremen at Lynn's residence for visitation.
Illinois courts have applied principles of contract construction to divorce decrees and marital settlements. In re Marriage of Sawyer, 264 Ill.App.3d 839, 846, 202 Ill.Dec. 20, 637 N.E.2d 559 (1994); In re Marriage of Sokolowski, 232 Ill.App.3d 535, 542, 173 Ill.Dec. 701, 597 N.E.2d 675 (1992). We find the same rules applicable to decrees in parentage proceedings.
"[T]he primary objective when interpreting a divorce decree is to carry out the purpose and intent of the court [citation] in the light of the situation existing at the time judgment was rendered [citation]. Where an ambiguity exists on the face of the decree, extrinsic evidence may be introduced to explain it [citation], and an ambiguity results when the words used are fairly susceptible of being understood in more than one sense [citation]." In re Marriage of Szczotka, 87 Ill.App.3d 314, 317, 42 Ill.Dec. 559, 409 N.E.2d 54 (1980).
We must interpret the order in a reasonable manner, in light of the entire record, to give effect to the intention of the trial court. Spiegel v. Hollywood Towers Condominium Ass'n, 283 Ill.App.3d 992, 1002, 219 Ill.Dec. 436, 671 N.E.2d 350 (1996).
Lynn suggests that "Lynn's residence" in the court's order did not refer to the building in which she resided at the time of the order's entry. She interprets the order instead as imposing on Brace the burden of finding the location which Lynn considers her residence at the time scheduled for visitation, with no restraint on the number and extent of any change in her residences.
The court's order showed the intention to permit Brace frequent visits with his son. At the time the court entered the decree Lynn had lived in Illinois, near Brace, for many years, and the court had entered an injunction barring her from leaving the state. The order did not permit Lynn to avoid visitation by moving away. Lynn's suggested interpretation of the order is unreasonable.
Brace presented uncontested evidence that Lynn did not make Bremen available for visitation at her home in Oak Park or at any other place Brace could reach. A party who understands the court's meaning but chooses to ignore the mandate commits contempt of court. Doe v. Lutz, 253 Ill.App.3d 59, 65, 192 Ill.Dec. 365, 625 N.E.2d 325 (1993). The evidence supports the finding that Lynn committed indirect civil contempt of court by violating the visitation order. The indeterminate *298 sentence is an appropriate sanction for the civil contempt. Betts, 200 Ill.App.3d at 46, 146 Ill.Dec. 441, 558 N.E.2d 404. The court properly gave Lynn the opportunity to purge herself of the civil contempt, and avoid the jail sentence, by bringing Bremen back to Oak Park for Brace's scheduled visitation. See In re Marriage of Gibbs, 268 Ill.App.3d 962, 972-73, 206 Ill.Dec. 502, 645 N.E.2d 507 (1994).
The earlier appeal from the improper injunction did not deprive the trial court of jurisdiction to enter the January 19, 2000, order regarding visitation and child support. The trial court also retained jurisdiction to enforce the order. The trial court's first step in that enforcement, the entry of a rule to show cause dated June 12, 2000, did not constitute an appealable order. Thus, the notice of appeal from that order had no effect on the trial court's jurisdiction. Lynn could appeal from the court's June 19, 2000, order terminating daycare payments, but only by petition for leave to appeal. Until this court interpreted her notice as a petition and granted the petition, the appeal had no effect on the trial court's jurisdiction. Therefore, the trial court had jurisdiction to hold a hearing on the rule to show cause and to impose sanctions for civil contempt. The court provided Lynn sufficient opportunity to respond, either in writing or orally, to both the allegations concerning daycare and the contempt allegations. The evidence in the record supported the finding of contempt and the imposition of a jail term until Lynn purges herself of the contempt by presenting Bremen for visitation with his father.
Affirmed.
FROSSARD and COHEN, JJ., concur.