NOTICE

Decision filed 04/03/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0152

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MAURICE KILLION and NINA KILLION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Marion County. |
| | ) | |
| v. | ) | No. 94-MR-13 |
| | ) | |
| THE CITY OF CENTRALIA, a Municipal | ) | |
| Corporation Organized Under the Laws of the | ) | |
| State of Illinois, and Its Employees and Agents, | ) | |
| MARK STEDELIN and DAVID SHAW, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROSCOE MEEKS, LINDA MEEKS, ERWIN | ) | |
| MEEKS, CRAIG MEEKS, and GREGORY | ) | |
| BEE, d/b/a Meeks Trash Disposal, Centralia | ) | |
| Paper Stock Company, and Meeks Backhoe, | ) | Honorable |
| | ) | Patrick J. Hitpas, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

On July 16, 2002, the plaintiffs, Maurice Killion and Nina Killion, filed a two-count complaint against the City of Centralia (count I) and Roscoe Meeks, Linda Meeks, Erwin Meeks, Craig Meeks, and Gregory Bee, doing business as Meeks Trash Disposal, Centralia Paper Stock Company, and Meeks Backhoe (count II). Count I sought an order of *mandamus* directing the City of Centralia (City) to enforce its zoning ordinance against Meeks Trash Disposal, Centralia Paper Stock Company, and Meeks Backhoe, which are located within an area of the City zoned residential and agricultural and are operating in violation of the City's zoning ordinance. Count II sought a permanent injunction against the defendants illegally

1

operating the businesses in violation of the City's zoning ordinance in an area of the City zoned residential and agricultural.

In its answer to the complaint, the Meeks defendants raised the affirmative defense of *laches*. After a trial on all the issues, the circuit court of Marion County entered a judgment in favor of all the defendants on the ground that the plaintiffs' action was barred by *laches*. The plaintiffs appealed to this court, and on December 19, 2005, this court entered an order in which it found that the circuit court had abused its discretion in determining that *laches* barred the plaintiffs' action. *Killion v. City of Centralia*, No. 5-04-0722 (2005) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). Accordingly, we reversed the circuit court's judgment in favor of the defendants and, because the circuit court had not ruled on the merits of the plaintiffs' complaint, remanded the cause to the circuit court for further proceedings.

On August 31, 2006, the circuit court entered an order permanently enjoining the Meeks defendants from operating any business or storing any business equipment or assets at the property in question. The defendants were given 60 days, until October 31, 2006, to remove all business-related items from the property and comply with the injunction. The circuit court further found that in light of the issuance of the injunction, a writ of *mandamus* directed against the City was unnecessary. Count I of the plaintiffs' complaint was therefore dismissed as moot, without prejudice to the plaintiffs' right to refile.

On October 20, 2006, the defendants moved for an extension of time in which to comply with the court's order, asserting that they had located an alternative location for the businesses and were in the process of moving. This motion was granted and the defendants were granted until December 31, 2006, to comply with the order.

On December 29, 2006, the plaintiffs filed a petition for a rule directed to the defendants to show cause why they should not be held in contempt of court for their failure

2

to comply with the court's order of August 31, 2006. The plaintiffs alleged that the defendants were continuing to operate their businesses and store business equipment at the subject property. The petition also sought an order directing the defendants to pay the plaintiffs' reasonable attorney fees and costs and "such other relief as the Court deems appropriate."

The rule to show cause came on for a hearing on February 22, 2007. The plaintiffs called Roscoe Meeks as an adverse witness, and he was indeed adverse. He stubbornly refused to answer many questions and answered "I don't know" and "I don't remember" to the most obvious of questions. We recognize that at the time of hearing the witness was 87 years of age and apparently hard of hearing, but his reluctance to answer questions does not, in our opinion, seem related to his age. Instead it seemed to be an attempt to subvert the truth. Accordingly, it is difficult to set forth the substance of Roscoe's testimony. To the extent he provided any information, he testified that he had found a new location for his business, that no business equipment or materials remained at the subject property, and that he did not conduct any business operations at the property. To the extent that photographs belied his testimony, he simply testified that he did not recognize anything in the photos.

Angelia Killion, the daughter of the plaintiffs, testified for the plaintiffs. She had taken 87 photographs of the subject property, all of which were admitted into evidence. Each photograph had written on its back the date on which it had been taken. Angelia admitted that Roscoe had moved some of the garbage bins from the property, but she testified that some remained. There remained three bins behind the shed on the property and two bins in front of the shed. Two garbage bins remained next to Roscoe's son's house located on the subject property. Angelia believed that some garbage bins also remained inside the shed, although she had not been able to photograph them. Angelia had seen a garbage truck leaving the property one morning but did not see it return. Another garbage truck was parked

3

every evening in the driveway of Roscoe's son's house on the subject property. Angelia also had a photograph of one of Roscoe's employees doing work at the subject property on a backhoe owned by the Meeks defendants. A trailer used by the defendants to haul garbage remained on the subject property. Although Roscoe had testified that he used this trailer to haul lawnmowers, Angelia had seen it being used to haul garbage.

Roscoe's wife, Linda Meeks, testified for the defendants. She testified that, upon the entry of the permanent injunction, the Meeks defendants began looking for an alternative site for the businesses. After having found a site, they had to wait for the power company, which was contending with damage from a massive ice storm, to run electricity to the site. Nevertheless, the defendants began moving some equipment and materials to the site even before electric service was established at the end of December 2006. Roscoe was ill for a period of time, but business equipment and materials were moved as quickly as possible. Linda testified that no garbage bins are being stored at the subject property and that no trucks are stored there. There are no garbage bins inside the shed on the property. Some garbage bins remained on the property for the cleanup of anything that was on the ground there. One garbage bin remained because a police report had been filed on it because someone had illegally dumped carpet in it. The trailer on the property was not used to haul garbage but was used to haul lawnmowers. Two of Linda's and Roscoe's sons live on the subject property, in separate houses. One son drives a garbage truck every day and parks it in the driveway to his home overnight. Linda testified that the defendants have no intention of ever returning the businesses to the subject property.

At the close of the evidence, the plaintiffs asked for an order granting them leave to inspect the premises, particularly the inside of the shed. They also asked for attorney fees and costs and for an award of $1,000 per day commencing on January 1, 2007, for every day the defendants were in violation of the injunction.

4

The circuit court found that there had been some violations of the permanent injunction by the defendants. Two garbage truck doors remained on the property, as did several garbage bins, and these items would have to be removed. The court found, however, that given the totality of the evidence, the violations were not wilful and contumacious. The court found that the defendants had made a reasonable, *bona fide* effort to vacate the property. Accordingly, the court declined to award attorney fees or any payment to the plaintiffs. The court ordered the defendants to remove the garbage bins and the garbage truck doors from the property by March 15, 2007. The court further found that the overnight parking of the garbage truck in the driveway of the son's home was not a violation of the injunction. The plaintiffs appeal.

The plaintiffs first argue that the circuit court's finding that the defendants' violation of the permanent injunction was not wilful and contumacious was contrary to the manifest weight of the evidence and that the circuit court's failure to find the defendants in contempt constitutes an abuse of the court's discretion. See *In re Marriage of Logston*, 103 Ill. 2d 266, 286-87 (1984) ("whether a party is guilty of contempt is a question of fact for the trial court, and *** a reviewing court will not disturb the finding unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion"). We agree with the plaintiffs. Indeed, we do not understand how the defendants' failure to comply with the circuit court's order can be viewed as anything other than wilful and contumacious.

"The burden rests upon the alleged contemnor to show that noncompliance [with the court's order] was not wilful and contumacious and that he or she has a valid excuse for failure to follow the court order." *In re Marriage of Tatham*, 293 Ill. App. 3d 471, 480 (1997). The defendants presented no such evidence. The defendants offered no evidence of any valid excuse for failing to *fully* comply with the court's order. They offered no evidence that they were unable to fully comply with the order through no fault of their own.

5

The defendants did not offer evidence that they failed to understand the court's order or that compliance was impossible. A party who understands the court's order but chooses to ignore the mandate is guilty of contempt of court. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 830-31 (2001). Furthermore, in our opinion the testimony of Roscoe Meeks clearly reflects his contumacious attitude toward the court's order and provides evidence of his wilful failure to comply with the court's order.

In addition, we find the circuit court's finding that parking the garbage truck in the driveway of the home located on the property overnight is not in violation of the court's order to be an abuse of discretion. The garbage truck is an asset of the business, not the personal property of its driver. It is used for business purposes, not for the personal purposes of its driver. Accordingly, it should not be parked overnight in the driveway of the home in which the driver resides. The permanent injunction prohibits the defendants from "storing trucks or other equipment or supplies for any business at the real estate." In our opinion, this includes overnight storage.

The dispute between the parties is long-standing, and each side understands the other's position. There is no question that the Meeks defendants are in the wrong, and they understand this. They have been operating businesses in an area of the City that is zoned residential and agricultural. The plaintiffs reside within a few feet of the property on which the defendants have been operating the businesses. Furthermore, the businesses that have been operated on the subject property are a trash disposal business, a paper recycling business, and a backhoe business, which involve offensive odors, sights, and sounds. We cast no aspersions on the defendants or their businesses, but we point out that these businesses are entirely unacceptable in a residential neighborhood. The plaintiffs have testified that they cannot even sit on their back porch in the evening or enjoy their yard because of the offensive stench, noise, and sights emanating from the defendants' property.

6

The Meeks defendants' failure to fully comply with the permanent injunction after all these years of litigation can be viewed as nothing but wilful and contumacious. A reviewing court will find an abuse of the circuit court's discretion when it determines that "no reasonable person could take the view adopted by the [circuit] court." *In re Marriage of Getautas*, 189 Ill. App. 3d 148, 153 (1989). This is such a case. The circuit court's failure to find the Meeks defendants in contempt of the permanent injunction entered August 31, 2006, constitutes an abuse of discretion, and we reverse the circuit court's order in this regard.

The plaintiffs also argue that the circuit court erred in failing to order the defendants to pay the plaintiffs' attorney fees and costs, in failing to order the defendants to pay a fine to coerce compliance with the permanent injunction, and in failing to grant the plaintiffs' request for leave to physically inspect the defendants' premises to ensure compliance with the injunction. The circuit court denied the relief requested by the plaintiffs because it found that the defendants were not in contempt. In light of our reversal of the circuit court's finding in this regard, we remand this cause so that the circuit court may reconsider the relief requested by the plaintiffs in light of the defendants' wilful and contumacious disregard of the permanent injunction.

For the foregoing reasons, the order of the circuit court finding the defendants' violation of the permanent injunction not to be wilful and contumacious is reversed, and this cause is remanded to the circuit court for further proceedings.


Reversed; cause remanded.


DONOVAN and CHAPMAN, JJ., concur.

7

NO. 5-07-0152

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>MAURICE KILLION and NINA KILLION,</td><td>)</td><td>Appeal from the</td></tr>
<tr><td></td><td>)</td><td>Circuit Court of</td></tr>
<tr><td>Plaintiffs-Appellants,</td><td>)</td><td>Marion County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 94-MR-13</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>THE CITY OF CENTRALIA, a Municipal</td><td>)</td><td></td></tr>
<tr><td>Corporation Organized Under the Laws of the</td><td>)</td><td></td></tr>
<tr><td>State of Illinois, and Its Employees and Agents,</td><td>)</td><td></td></tr>
<tr><td>MARK STEDELIN and DAVID SHAW,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendants,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>and</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ROSCOE MEEKS, LINDA MEEKS, ERWIN</td><td>)</td><td></td></tr>
<tr><td>MEEKS, CRAIG MEEKS, and GREGORY</td><td>)</td><td></td></tr>
<tr><td>BEE, d/b/a Meeks Trash Disposal, Centralia</td><td>)</td><td></td></tr>
<tr><td>Paper Stock Company, and Meeks Backhoe,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>Patrick J. Hitpas,</td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed**:       April 3, 2008

**Justices**:       Honorable Thomas M. Welch, J.

                  Honorable James K. Donovan, J.,
                  Honorable Melissa A. Chapman, J.,
                  Concur

**Attorney for Appellants**       Maurice U. Killion, Jr., Killion Law Office, 1333 West Broadway, Suite #2, P.O. Box 948, Centralia, IL 62801

**Attorney for Appellees**       Daniel R. Price, Wham & Wham, 212 East Broadway, P.O. Box 549, Centralia, IL 62801