2019 IL App (1st) 190210-U

No. 1-19-0210

Order filed November 8, 2019

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SUSAN ROGERS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CH 647 |
| | ) | |
| LAURELLE GASICH and BARRINGTON AREA | ) | |
| ANIMAL RESCUE & KENNELS NFP, | ) | Honorable |
| | ) | Anna H. Demacopoulos, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss the appeal because the defendants' brief is inadequate and the record is insufficient to establish error.

¶ 2    Defendants Laurelle Gasich and Barrington Area Animal Rescue & Kennels NFP ("BAARK") appeal from the circuit court's order denying their motion to vacate a default judgment pursuant to 735 ILCS 5/2-1301 (West 2016).

¶ 3      On January 17, 2018, plaintiff Susan Rogers filed a two-count complaint regarding ownership of a chronically infirm house cat. Count one alleged that defendants violated the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 2016)) by intentionally misleading Rogers regarding the nature of her "adoption" of the cat and the relationship between BAARK and City of Chicago's Animal Care and Control Department. The second count sought a declaratory judgment as to ownership of the cat.

¶ 4      On March 6, 2018, the court entered an order appointing a special process server. On April 12, Rogers filed the process server's affidavits of service upon BAARK and Gasich. The defendants did not appear or answer the complaint, so on July 16, Rogers filed a motion for default. On July 30, the circuit court entered an order of default as to BAARK, and entered and continued the motion as to Gasich. On August 27, defendants appeared through counsel and moved to vacate the default against BAARK and to quash service of process on Gasich. The court denied the motion to quash service of process, granted the motion to vacate the default, and gave defendants one week to answer the complaint.

¶ 5      Defendants did not file an answer, and Rogers filed a renewed motion for default on September 18. On September 25, the court entered and continued the renewed motion for default and gave defendants an additional two weeks to file an answer. By November 27, approximately seven weeks after the twice-extended deadline, defendants had not answered the complaint. The court granted Rogers' renewed motion for default, and set a hearing for prove-up.

¶ 6      Defendants did not appear at the prove-up hearing. On December 19, the court heard testimony from Rogers, and entered a judgment against both defendants for $10,696.95. Although the December 19 judgment does not explicitly address both counts of the complaint,

the order is marked "final." The record does not contain any exhibits or report of proceedings from the prove-up hearing.

¶ 7    Although the December 19 judgment terminated the case, defendants nonetheless filed answers and affirmative defenses on December 24. They also filed three counterclaims alleging that Rogers had converted the house cat, and that she had committed fraud and been unjustly enriched by retaining the cat. The defendants also moved to vacate the November 27 order of default.

¶ 8    On January 7, 2019, the circuit court struck the counterclaims and answers and denied defendants' motion to vacate the default "for reasons stated in open court." The record does not contain any transcript or bystander's report of the January 7 hearing. The order concludes with the sentence, "This is a final order." This appeal followed.

¶ 9    We have an obligation to review our jurisdiction on our own even if no party raises the issue. *In re Marriage of Baumgartner*, 2014 IL App (1st) 120552, ¶ 33.  Generally, an appeal may be taken only after the circuit court has resolved all claims against all parties to a cause of action. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009).

¶ 10    Defendants assert, and Rogers does not dispute, that this court has jurisdiction to hear this appeal pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017), which governs appeals from civil cases before the circuit court. However, that rule is only applicable if there are no pending claims remaining. Ill. S. Ct. R. 303(a). The complaint in this case had two counts. Count I sought "an order awarding [Rogers] full ownership of [the cat];" and an award of Rogers' costs and attorney fees. Count II sought a declaration that Rogers was the rightful owner of the cat.

The only relief explicitly granted by the December 19 order is a money judgment, with no mention of ownership of the cat. However, both the December 19 and January 7 orders include the words "final order" and the parties seem to agree that the judgment resolved the case entirely. Moreover, the record does not contain any evidence or report of proceedings from the prove-up hearing. In the face of an incomplete record, we must "presume[] that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Because we presume that the circuit court did not intend to enter two "final orders" without resolving all of Rogers' claims, we presume that the prove-up hearing resolved all outstanding issues and that the December 19 and January 7 orders constituted a final judgment on the entire complaint. We therefore have jurisdiction to hear this appeal pursuant to Rule 303. In so finding, we note that plaintiff did have, and still has, possession of the cat.

¶ 11    Although we have jurisdiction to hear this appeal, our review is hindered by defendants' failure to comply with Supreme Court Rule 341 (eff. May 28, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Supreme Court Rule 341(h) provides that all briefs should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment" and an argument "which shall contain the contentions of the appellant and reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 28, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 12    Defendants' statement of facts is four sentences long, mentioning in cursory fashion:  the entry of the December 19 order, the filing and denial of the motion to vacate the order of default, and the filing of the notice of appeal. Pointedly missing are any description of the complaint and the procedural history of the case before entry of judgment on December 19, including the fact that defendants had repeatedly failed to timely file their answers, despite receiving two extensions of time to do so.

¶ 13    The argument section is no better. It is a scant seven sentences long, consisting almost entirely of statements of law, with no effort to apply the law to the facts of this case. It does not include any citations to the record. It asserts no legal arguments advanced by either of the parties before the circuit court. Nor does it address the reasoning of the court in making its ruling. The defendants' reply brief does include some legal analysis of how the law applies to the facts of this case, but points that an appellant fails to raise in his opening brief are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 14    Moreover, even if we were to ignore the deficiencies in the defendants' brief, the state of the record would prevent us from reaching the merits. On appeal, it is the appellant's burden to provide a complete record for review in the appellate court. *Foutch*, 99 Ill. 2d at 391. If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 15    Defendants' contention on appeal is that the circuit court abused its discretion by denying their motion to vacate the order of default. However, that motion does not appear in the record. The motion to vacate is an exhibit in the defendants' Rule 342 appendix, but the record on appeal cannot be supplemented by simply attaching documents to the appendix of a brief. *In re*

*Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). We cannot consider improperly appended documents not included in the record on appeal. *Id.* Without the motion properly before us, we are unable to determine whether the circuit court erred in denying it.

¶ 16    Additionally, the record does not contain any transcript or bystander's report from either the prove-up hearing or the January 7 hearing on defendants' motion to vacate the default judgment. We are therefore unable to determine whether the court's reasoning was appropriate, or whether the court abused its discretion in making its rulings. See *Foutch*, 99 Ill. 2d at 392.

¶ 17    In light of these numerous deficiencies, Rogers requests that we dismiss the appeal and enter an order of monetary sanctions against defendants pursuant to Illinois Supreme Court Rule 375(a) and (b) (eff. Feb. 1, 1994), respectively. We deny Rogers' request for monetary sanctions under Rule 375(b), but strike defendants' brief for numerous violations of Rule 341 and dismiss the appeal.

¶ 18    Dismissed.