2020 IL App (1st) 192363-U

No. 1-19-2363

Order filed December 15, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JAMES RIVER INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2016 CH 14330 |
| | ) | |
| ROSEMOOR SUITES, L.L.C., | ) | The Honorable |
| | ) | Sanjay Tailor, |
| Defendant-Appellant, | ) | Judge Presiding. |
| | ) | |
| (LHO Chicago River, L.L.C., Defendant). | ) | |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

**ORDER**

¶ 1   *Held*: The insurer had no duty to defend because the underlying federal trademark claims were not covered under the insured's policy. Accordingly, we affirm the circuit court's summary judgment ruling in favor of the insurer.

¶ 2   In this declaratory judgment action, the circuit court entered summary judgment in favor

of James River Insurance Company (James River), concluding that it had no duty to defend

Rosemoor Suites, L.L.C. (Rosemoor), a former policyholder, in an underlying federal trademark action brought by LHO Chicago River, L.L.C. (LHO). For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4     The following facts were obtained through the parties' pleadings, depositions, affidavits and other supporting documents, and were presented to the court below.

¶ 5     James River issued a commercial general liability policy (the policy) to Rosemoor (No. 00057049-1) for the period March 20, 2014 to October 20, 2015. The policy provided, as relevant here, coverage for personal and advertising injuries "caused by an offense arising out of [Rosemoor's] business but only if the offense was committed *** during the policy period." That coverage, however, did not apply to personal and advertising injuries "arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights," pursuant to the policy's intellectual property exclusion.

¶ 6     LHO, which owned Hotel Chicago located in River North, filed an underlying federal trademark lawsuit against Rosemoor after it opened new a hotel under the same name a few miles away.[1] See *LHO Chicago River, L.L.C. v. Rosemoor Suites, L.L.C*, *et al*., No. 16 C 6863 (N.D. Ill. 2016). LHO's amended complaint, as relevant here, alleged that LHO had been using the Hotel Chicago trademark in connection with its hotel for over two years when Rosemoor filed a patent application to trademark its own "Hotel Chicago" on February 17, 2016. A few months later, LHO sent Rosemoor a cease and desist letter, demanding that it stop using the Hotel Chicago trademark because LHO owned all rights to it. Nevertheless, Rosemoor continued

---

[1]According to LHO's underlying complaint, the sole member of Rosemoor, Joseph J. Perillo, opened "Hotel Chicago," formerly known as the "Rosemoor Hotel," in May 2016.

to use the Hotel Chicago trademark, infringing LHO's rights in violation of federal trademark law, among other things.[2]

¶ 7      Rosemoor tendered the underlying suit to James River for defense and indemnity. James River denied that the policy covered any of LHO's claims in that suit, which was ultimately dismissed with prejudice. See *LHO Chicago River, L.L.C. v. Rosemoor Suites, L.L.C*, *et al*., No. 16 C 6863 (N.D. Ill. 2018). After Rosemoor refused to withdraw its tendered defense, James River filed this declaratory judgment.[3]

¶ 8      James River asserted, in relevant part, that it had no duty to defend or indemnify Rosemoor in the underlying suit because LHO's trademark infringement claims occurred after the policy period and were nevertheless barred under the policy's intellectual property exclusion.

¶ 9      James River also asserted that none of the underlying claims alleged property damage that was not subject to the exclusion or otherwise covered. The circuit court agreed and granted James River partial judgment on that basis.

¶ 10      Even though the order granting James River partial judgment is not specified in Rosemoor's notice of appeal (see Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017)), we will review it nonetheless because that ruling produced the final judgment in this case. See *In re Estate of Stewart*, 2016 IL App (2d) 151117, ¶ 128 ("An appellate court may review an interlocutory order not specified in the notice of appeal if that decision was a step in the procedural progression that led to the final judgment.").

---

[2]LHO's amended complaint also claimed that Rosemoor's use of the Hotel Chicago trademark violated federal unfair competition, Illinois deceptive trade practices and common law trademark infringement laws.

[3]LHO was dismissed as a party to the declaratory judgment action on December 13, 2017, after it had agreed to be bound by any judgment in that action.

¶ 11    In any event, the parties proceeded with discovery. James River ultimately moved for summary judgment, asserting that it was entitled to judgment as a matter of law because none of Rosemoor's alleged trademark infringement occurred during the policy period. In support of its motion, James River attached an affidavit from Gregory Hawbaker, a claims specialist for the underlying suit.

¶ 12    Hawbaker's affidavit stated there was nothing in James River's records showing that "Rosemoor's alleged wrongful conduct took place during the *** policy period" or that "Rosemoor used the name Hotel Chicago or the Hotel Chicago trademark during the *** policy period." His affidavit further stated that "James River was not provided any additional facts by the insured or any other person or entity to indicate that Rosemoor was using the [trade]mark Hotel Chicago" during the policy period. In response, Rosemoor asserted that extraneous facts showed that it began using the "Hotel Chicago" trademark "as early as 2013." The circuit court disagreed and granted James River's summary judgment motion on September 9, 2019.

¶ 13    The circuit court denied Rosemoor's motion to reconsider its summary judgment ruling on October 21, 2019, and Rosemoor appealed.

¶ 14                              ANALYSIS

¶ 15    The issue before us is whether James River had a duty under the policy to defend Rosemoor in the underlying federal trademark action.

¶ 16    Initially, we note that Rosemoor has not included a transcript or report of proceedings from the lower court's summary judgment and postjudgment relief hearings, or an appropriate alternative under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017), such as a bystander's report or an agreed statement of facts. As the appellant, Rosemoor bears the burden of presenting a sufficiently complete record of the proceedings below to support its claims of

error, and any doubts arising from the record's inadequacy are resolved against it. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Moreover, without a complete record, we must presume that the circuit court acted in conformity with the law and had a sufficient factual basis for its ruling. *Id*. at 392.

¶ 17    Construction of an insurance policy and a determination of the parties' rights and obligations thereunder are questions of law properly disposed of by way of summary judgment. *Pekin Insurance Co. v. Roszak/ADC, LLC*, 402 Ill. App. 3d 1055, 1058 (2010). And, as with all questions of law, our review of the lower court's summary judgment ruling is *de novo*. *Id*. at 1059. Summary judgment should be granted when the pleadings, depositions and admissions on file, together with any affidavits, reveal no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. See *id*; 735 ILCS 5/2-1005(c) (West 2016).

¶ 18    In general, an insurer's duty to defend is determined by comparing the allegations in the underlying complaint with the relevant provisions of the insurance policy. *Pekin Insurance Co. v. McKeown Classic Homes, Inc.*, 2020 IL App (2d) 190631, ¶ 17; *Pekin Insurance Co. v. Precision Dose, Inc.*, 2012 IL App (2d) 110195, ¶ 36. If the policy provisions are clear and unambiguous, we must give the words employed their plain, ordinary and popular meaning. *McKeown Classic Homes, Inc.*, 2020 IL App (2d) 190631, ¶ 18. An insurer has no duty to defend where, as here, the underlying complaint brought against the insured does not allege facts which bring the case within, or potentially within the policy's coverage. *Id*. ¶ 17.

¶ 19    The record in this case shows that James River had no duty to defend because the underlying complaint alleged that Rosemoor infringed LHO's purported rights to the Hotel Chicago trademark after the policy period had ended, which was on October 20, 2015. As set forth above, LHO alleged that Rosemoor committed trademark infringement when it filed a

patent application to trademark its own "Hotel Chicago" on February 17, 2016, and then continued to use that trademark even though LHO owned all rights to it. Thus, Rosemoor's alleged trademark infringement occurred nearly fourth months after the policy period had ended.

¶ 20    Furthermore, the record reveals that Rosemoor even acknowledged that its alleged trademark infringement occurred after the policy period when it stated: "LHO naturally claimed damages for [Rosemoor]'s use of the name "[Hotel Chicago]" resulting from any and all trademark infringing acts which it falsely believed had begun in 2016 with the public opening."[4] And, to the extent LHO alleged that it had been using the Hotel Chicago trademark since February 2014, this showed when LHO acquired its supposed rights to the trademark, not that Rosemoor infringed those rights. Likewise, no true but unpleaded facts showed that Rosemoor infringed LHO's claimed trademark rights during the policy period.

¶ 21    The true but unpleaded facts doctrine triggers an insurer's duty to defend if it has knowledge of extraneous facts that, when taken together with the allegations in the underlying complaint, indicate that the claims are within, or potentially within the policy's coverage. *Precision Dose, Inc.*, 2012 IL App (2d) 110195, ¶ 43. That doctrine generally does not apply, however, to situations where, as here, the only extraneous facts the insurer possessed were supplied by the insured. See *id.* ("In such a situation the insurer has no way of knowing whether the facts are true unless it conducts an independent investigation." (Internal quotation marks omitted.)).

¶ 22    Here, the only extraneous facts allegedly known to James River were supplied by Rosemoor through either self-serving testimony or its own pleadings. Notably, Rosemoor has not included the federal court pleadings mentioned in its brief in the record on appeal. See

---

[4]This statement was made by Rosemoor in its response to James River's motion for judgment on the pleadings before the circuit court.

*Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009) ("An appellate court may not consider documents that are not part of the certified record on appeal.").[5]

¶ 23    Rosemoor also supplied its own Illinois Secretary of State application for "Chicago Hotel, LLC," to adopt the name, "Hotel Chicago," that was filed six days before the policy period ended, but did not allege that James River had any knowledge of that application. See *Precision Dose, Inc.*, 2012 IL App (2d) 110195, ¶ 43 (noting that the true but unpleaded facts doctrine generally applies only in cases where the *insurer* had knowledge of or discovered the extraneous facts). Regardless, the Illinois Secretary of State application does not indicate that Rosemoor infringed LHO's supposed trademark rights when it was filed. Accordingly, Rosemoor has not shown that its alleged trademark infringement occurred during the policy period.

¶ 24    Even if LHO's underlying claims had alleged that Rosemoor infringed its trademark rights during the policy period, James River had no duty to defend them because the policy excluded coverage for personal and advertising injuries "arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual properly rights." Because LHO's claims clearly arose out of Rosemoor's alleged trademark infringement, they were excluded from the policy's coverage. In reaching this conclusion, we reject Rosemoor's argument that its alleged trademark infringement could be construed as infringement of "trade dress," which was not subject to the intellectual property exclusion, because there were no underlying allegations of

---

[5]We note that Rosemoor appended an email to its reply brief that was not appropriately before this court because the email was not presented to the circuit court or included in the record on appeal. See *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001) (noting that we cannot consider an improperly appended document not included in the record on appeal). Consequently, the email and portions of Rosemoor's reply brief that referred to it were stricken on October 21, 2020.

trade dress made by LHO. See *Greenwich Insurance Co. v. RPS Products, Inc.*, 379 Ill. App. 3d 78, 90 (2008) (noting that "trade dress infringement and trademark infringement are two different causes of action").

¶ 25      Additionally, LHO's underlying claims were subject to the policy's intellectual property exclusion because they did not allege property damage caused by an "accident" that was covered elsewhere in the policy. To the contrary, those claims alleged that Rosemoor continued to use the Hotel Chicago trademark notwithstanding that LHO had sent a cease and desist letter, informing Rosemoor that it owned all rights to that trademark (see *supra* ¶ 6). This indicates that Rosemoor at the very least knowingly infringed LHO's declared trademark rights. Since none of the underlying claims alleged property damage that was covered under the policy, the circuit court correctly granted James River partial judgment on that basis.

¶ 26      Based on the foregoing, we conclude that James River had no duty to defend Rosemoor in the underlying federal trademark action. Accordingly, the circuit court properly granted summary judgment to James River in this case.

¶ 27                              CONCLUSION

¶ 28      For the foregoing reasons, we affirm the circuit court's judgment.

¶ 29      Affirmed.