2019 IL App (1st) 182472-U

No. 1-18-2472

Order filed December 18, 2019

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KECIA PORTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M1 40516 |
| | ) | |
| TAWANDA BOWMAN, | ) | Honorable |
| | ) | James J. Ryan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment where plaintiff's brief is insufficient to ascertain her claims and she has failed to furnish a sufficient record such that error can be determined.

¶ 2    Plaintiff Kecia Porter appeals *pro se* from the trial court's order that dismissed with prejudice her complaint seeking the recovery of her security deposit and damages from her former landlord, defendant Tawanda Bowman. On appeal, she contends that the trial court failed to apply

the correct law, and improperly permitted defendant to keep a portion of her security deposit. We affirm.

¶ 3 There is no report of the trial court proceedings in the record on appeal. However, the following facts can be gleaned from the limited record on appeal, which includes plaintiff's *pro se* complaint and motion for reconsideration, and the trial court's orders.

¶ 4 In September 2018, plaintiff filed a *pro se* complaint against defendant alleging defendant failed to return plaintiff's security deposit although plaintiff left her former apartment in good condition.

¶ 5 On October 24, 2018, the trial court entered an order dismissing the case with prejudice as plaintiff tendered a $150 check in open court to defendant, and defendant acknowledged receipt.

¶ 6 On November 1, 2018, plaintiff filed a *pro se* motion for reconsideration, alleging that the trial court's order should have stated judgment for plaintiff after trial, and that the court erred when it permitted defendant to deduct $150 from plaintiff's security deposit. On November 16, 2018, the trial court denied plaintiff's motion to reconsider. The court also amended the October 24, 2018 order, *nunc pro tunc*, to reflect that defendant tendered a $150 check to plaintiff. Plaintiff filed a *pro se* notice of appeal that same day.

¶ 7 On August 8, 2019, this court entered an order taking the case on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 8 On appeal, plaintiff contends that the trial court erred by not applying the applicable law, and abused its discretion when it permitted defendant to keep $150 of plaintiff's security deposit without having filed a counterclaim or having a cause of action against plaintiff. Plaintiff further contends that although the trial court's order indicates that the cause was dismissed with prejudice

by agreement of the parties, the order was actually entered "after arguments at trial." Attached to her brief in support are, in pertinent part, a letter releasing plaintiff from her lease signed by defendant and a copy of a cancelled check marked "security deposit." These two documents are not included in the record on appeal.

¶ 9      As a preliminary matter, we note that our review of plaintiff's appeal is hindered by her failure to fully comply with Supreme Court Rule 341 (eff. May 28, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although defendant is a *pro se* litigant, this status does not lessen her burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Supreme Court Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 28, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 10      Here, although plaintiff used in part a form approved by the Illinois Supreme Court when filing her brief, she has failed to articulate a legal argument which would allow a meaningful review of her claims, and provides minimal citations to the record. An appellant is required to cite to the pages and volumes of the record on appeal upon which she relies "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the

events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). In the case at bar, the majority of the fact section of plaintiff's brief is a narrative of the case from her perspective. Moreover, although plaintiff cites repeatedly to the Chicago Landlord Tenant Ordinance, she fails to identify facts and pertinent legal authority to support her arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 11    Additionally, although plaintiff attached to her brief a letter from defendant releasing her from the lease and a copy of a cancelled check, these documents are not contained in the record on appeal. It is well settled that the record on appeal cannot be supplemented by simply attaching documents to the appendix of a brief. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). We cannot consider improperly appended documents not included in the record on appeal. *Id.* To the extent that plaintiff's brief fails to comply with Supreme Court Rule 341(h)(7), her arguments are forfeited.

¶ 12    Considering the content of plaintiff's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple and plaintiff made an effort to

present her appeal by use of the approved form brief, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 13     That said, the deficiencies in the record still prevent us from reaching this appeal on the merits. On appeal, the appellant, in this case plaintiff, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 14     Here, although plaintiff contends that a trial was held on October 24, 2018, the record does not contain a report of proceedings or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a report of proceedings or an acceptable substitute, we are unable to determine whether such a trial was held, and, if so, what evidence was admitted or excluded. Moreover, there is no record of the manner in which the trial court determined that an offset to plaintiff's security deposit was warranted. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 15     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 16     Affirmed.