2019 IL App (1st) 182471-U

No. 1-18-2471

Order filed December 18, 2019

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KECIA PORTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M1 40450 |
| | ) | |
| TAWANDA BOWMAN, | ) | Honorable |
| | ) | James J. Ryan, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Cobbs concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the trial court's judgment where plaintiff's brief is insufficient to ascertain her claims and she has failed to furnish a sufficient record such that error can be determined.

¶ 2   Plaintiff Kecia Porter appeals *pro se* from the trial court's order entering judgment, damages, and costs in her favor against defendant, Tawanda Bowman, plaintiff's former landlord. On appeal, she contends the trial court failed to apply the applicable law and erroneously calculated the judgment. We affirm.

¶ 3    There is no report of the trial court proceedings in the record on appeal. However, the following facts can be gleaned from the limited record on appeal, which includes plaintiff's complaint, the trial court's order entered following trial, and plaintiff's motion to reconsider.

¶ 4    In August 2018, plaintiff filed a *pro se* complaint alleging that while renting a unit in defendant's building, she was charged for electricity that was provided to other units and the building's common areas, and seeking damages that amounted to three times the overcharge.

¶ 5    A trial was held on October 17, 2018. Following trial, the court found that defendant did not knowingly or intentionally violate the Rental Property Utility Services Act (765 ILCS 735 *et seq.* (West 2018)), such that treble damages were not warranted, and that defendant had established that electrical charges for the common area should have been $25. The court therefore entered a $375 judgment for plaintiff and assessed costs to defendant. On November 1, 2018, plaintiff filed a *pro se* motion to reconsider. On November 16, 2018, the trial court denied the motion, and plaintiff filed a *pro se* notice of appeal the same day.

¶ 6    On August 8, 2019, this court entered an order taking the case on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 7    On appeal, plaintiff contends that the trial court failed to apply the law, and erred in calculating the judgment. Plaintiff argues that the trial court improperly permitted defendant to submit electric bills for the common area that were dated after plaintiff moved out, and to assert an affirmative defense when defendant did not file a counterclaim or answer. She further argues that the court erred when it found that defendant's actions were not knowing or intentional, and did not triple the damages because defendant refused to permit plaintiff access to the breaker-box and to timely install a "common area" electrical meter. Attached to plaintiff's brief in support are

certain documents from the circuit court and a letter from Commonwealth Edison. The letter from Commonwealth Edison is not included in the record.

¶ 8     As a preliminary matter, we note that our review of plaintiff's appeal is hindered by her failure to fully comply with Supreme Court Rule 341 (eff. May 28, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although defendant is a *pro se* litigant, this status does not lessen her burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Supreme Court Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 28, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 9     Here, although plaintiff used in part a form approved by the Illinois Supreme Court when filing her brief, she has failed to articulate a legal argument which would allow a meaningful review of her claims, and provides minimal citations to the record. An appellant is required to cite to the pages and volumes of the record on appeal upon which she relies "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). In the case at bar, the majority of the fact section of plaintiff's

brief is a narrative of the case from her perspective. Moreover, although plaintiff cites certain statutes, she cites no pertinent legal authority to support her arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 10 Although plaintiff attached a letter from Commonwealth Edition to illustrate the reason for the instant lawsuit, that letter is not contained in the record on appeal. It is well settled that the record on appeal cannot be supplemented by simply attaching documents to the appendix of a brief. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). We cannot consider improperly appended documents not included in the record on appeal. *Id.* To the extent that plaintiff's brief fails to comply with Supreme Court Rule 341(h)(7), her arguments are forfeited.

¶ 11 Considering the content of plaintiff's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple and plaintiff made an effort to present her appeal by use of the approved form brief, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 12 That said, the deficiencies in the record still prevent us from reaching this appeal on the merits. On appeal, the appellant, in this case plaintiff, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389,

391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 13    Here, the record on appeal does not contain a report of proceedings from the October 17, 2018 trial or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a report of proceedings or an acceptable substitute, we are unable to determine what evidence was admitted or excluded at trial or how the trial court determined that defendant did not act knowingly or intentionally. Moreover, we have no knowledge of what arguments or evidence were presented to the trial court, and no record of the manner in which the trial court calculated the judgment. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries*, *Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the trial, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 14    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 15    Affirmed.