2021 IL App (1st) 200786-U

FIFTH DIVISION
February 11, 2021

No. 1-20-0786

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF DAVID MILLER, | ) | Appeal from the Circuit Court of Cook County |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | No. 16 D 1751 |
| and | ) | |
| | ) | |
| KRISTIAN MILLER, | ) | |
| | ) | Honorable David Haracz, |
| Respondent-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We affirm the circuit court's denial of a motion to modify the allocation of parenting time. The court's determination that there was no substantial change in circumstances was not against the manifest weight of the evidence.

¶ 2                                      BACKGROUND

¶ 3    David and Kristian Miller were married in 2009, and their only daughter A.M. was born the next year. In 2016, David filed a petition for dissolution of the marriage. On June 16, 2016, the circuit court entered an Allocation Judgment and Joint Parenting Agreement. The Joint

Parenting Agreement designated Kristian as the "residential parent" and provided a schedule for A.M. to spend one weekday afternoon, one weekday overnight, and every other weekend with David. The schedule also provided for parenting time to be divided evenly during the summer. Because David is a schoolteacher, the schedule included a provision for dividing parenting time during A.M.'s spring vacation, with contingencies for the possibility that David's and A.M.'s spring vacations may coincide in any given year.

¶ 4    On June 28, 2016, the circuit court entered a judgement of dissolution incorporating a martial settlement agreement (MSA). The MSA reserved child support for three years, with David scheduled to begin paying Kristian 12% of his net income starting in the thirty-seventh month after the entry of the order. At the time of the judgment, both parties lived in Oak Park.

¶ 5    In October, 2016, David filed a motion to modify the parenting schedule, arguing that there was a substantial change in circumstances because Kristian's new job required her to travel out of state frequently. In December, 2016, Kristian filed a response to the motion. In her response, she argued that David's parenting time should not be increased, in part because he had moved from Oak Park to the Brighton Park neighborhood of Chicago. In January 2017, Kristian successfully moved the court for the appointment of a child's representative.

¶ 6    On June 28, 2017, the circuit court entered an agreed order disposing of the motion to modify parenting time. The order restructured the division of parenting time during spring break, granting David parenting time during his spring break and granting Kristian parenting time during A.M.'s spring break. The order also modified the summer vacation schedule by changing the days of the week but maintaining equal parenting time. Otherwise, the parenting plan was unchanged, and the agreed order provided that, barring "serious endangerment," neither party could file a motion to increase parenting time before June, 2019.

¶ 7    On July 11, 2019, David filed another motion seeking to increase his parenting time. He alleged that there were three substantial changes in circumstances justifying the modification: (1) he had moved from Brighton Park back to the Oak Park area; (2) Kristian continued to travel for work; and (3) David had increased his ability to "better address the minor child's specific cultural needs." He alleged that his move back to the Oak Park area meant that he was now a mere 5-minute drive away from Kristian's home rather than 45 minutes away. He also contended that Kristian's work travel already resulted in extra overnights for A.M. with David. Finally, he argued that he now taught elementary cultural education and had learned "to better address the minor child's specific cultural needs, including now being able to perform tasks such as properly combing and putting the minor child's hair into a ponytail." David also sought the appointment of an evaluator to opine on A.M.'s best interest with respect to David's parenting time.

¶ 8    Kristian filed a response to the motion, arguing that David had failed to establish a substantial change in circumstances. In particular, she argued that David had lived in Oak Park when the original parenting schedule was set, so moving back to the area could not constitute a substantial change. She also opposed the appointment of an evaluator on the grounds that there was already a child's representative and that there had been no substantial change in circumstances.

¶ 9    About two weeks after David filed his motion to modify the parenting schedule, Kristian filled a petition to set child support. She contended that, per the terms of the MSA, David was to have started paying child support starting July, 2019. The court ordered that the parties participate in mediation, but mediation was not successful.

¶ 10    During the COVID-19 pandemic, the circuit court held a hearing on the pending issues via video conferencing software. The initial portion of the hearing was spent on the "threshold

issue" of whether David had established a substantial change in circumstances. Counsel for each party argued from the papers, with no testimony or other evidence introduced. At the end of argument, the circuit court stated, "based on the unique circumstances and the facts in this case, I find that there has not been a substantial change in circumstances, and the motion to increase parenting time is dismissed."

¶ 11    The court then heard argument on and granted Kristian's petition to set child support. The court entered an order continuing the matters until June 4, 2020. On that date, the court entered a written order memorializing the court's oral rulings from the hearing. This appeal follows.

¶ 12                                    ANALYSIS

¶ 13    David raises a single issue for review: whether the circuit court erred in finding that he had not established a substantial change in circumstances to justify a modification of parenting time. Kristian raises three arguments for why this court should either dismiss this appeal or affirm the judgment of the circuit court: (1) David's brief violates several Illinois Supreme Court Rules; (2) the record on appeal is insufficient to establish error; and (3) the circuit court did not err in finding that David had failed to establish a substantial change in circumstances.

¶ 14                              A. David's Brief

¶ 15    Kristian correctly points out that David's opening brief violates several Illinois Supreme Court Rules. Kristian argues that the David's opening brief does not properly cite to the record in the argument section (see Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018)) or the statement of facts (see *id.* § (h)(6)). Kristian also contends that the appendix to David's brief includes material outside of the record and lacks a table of contents, both of which are violations of Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019). Consequently, she asks that we strike David's brief and dismiss this appeal.

¶ 16 Supreme court rules are not mere suggestions; they are rules that must be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57. We have the inherent authority to dismiss an appeal if an appellant's brief fails to comply with supreme court rules. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, striking a brief for failure to comply with supreme court rules is a harsh sanction (*In re Detention of Powell*, 217 Ill.2d 123, 132 (2005)) which we decline to impose in this appeal. See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10 (reviewing the merits despite substantial Rule 341 violations).

¶ 17                                    B. Record on Appeal

¶ 18 Kristian next argues that we should affirm the circuit court because the record on appeal does not include every page of the order that David is appealing, nor does it include every page of the June 2017 agreed order. Although those orders are attached as exhibits to David's appendix, we cannot consider improperly appended documents not included in the record on appeal. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). In the face of an incomplete record, we must "presume[] that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). However, after Kristian filed her brief, David filed multiple motions to supplement the record, several of which this court allowed. The record is now sufficiently complete for us to reach the merits of the appeal.

¶ 19                          C. Substantial Change in Circumstances

¶ 20 David's sole contention on appeal is that the circuit court erred in finding that he failed to establish a substantial change in circumstances. Section 610.5 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610.5(c) (West 2018) authorizes the filing of motions to modify a plan or judgment allocating parental decision-making responsibilities and parenting

time. Relevant here, section 610.5(c) provides for modification if "the court finds, by a preponderance of the evidence, that on the basis of facts that have arisen since the entry of the existing parenting plan or allocation judgment or were not anticipated therein, a substantial change has occurred in the circumstances of the child or of either parent" and that the child's best interests would be served by modification. *Id.*

¶ 21 Thus, resolution of a custody-modification motion involves a two-step process. The court must first determine whether the movant has established, by a preponderance of the evidence, a substantial change in circumstances based on facts that have arisen since the entry of the existing parenting plan. *Id.*; *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 26. Only if the movant has met that burden does the court move on to the question of whether modification would be in the child's best interests. *Id.*

¶ 22 Whether a substantial change in circumstances has occurred is a factual inquiry. As such, we review a trial court's finding as to whether there was a substantial change of circumstances under the manifest-weight-of-the-evidence standard. *In re Marriage of Bates*, 212 Ill. 2d 489, 515 (2004). Under that standard, we view the evidence in the light most favorable to the appellee and, when faced with multiple reasonable inferences, will accept those inferences that support the trial court's ruling. *Id.* at 516. A determination of fact is against the manifest weight of the evidence only when an opposite conclusion is apparent, or when the findings appear to be unreasonable, arbitrary, or not based on the evidence. *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 70.

¶ 23 The evidence in this case consisted entirely of the partiess verified pleadings; no live testimony or other evidence was offered during the hearing. David's motion argued the existence of three "substantial changes," two of which can be disposed of out of hand. On appeal, David

has not argued that Kristian's work-related travel constitutes a substantial change; therefore, that argument is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). As for his contention that he had learned to "better address the minor child's specific cultural needs," the only evidence presented to the court on that issue was the unelaborated claim in his motion. Such bare assertions were insufficient to meet David's burden under section 610.5(c). David's briefs before this court include some more details on this issue than his motion did—including claims that David has studied hair braiding—but this court is a court of review, not first view. See, *e.g.*, *McWilliams v. Dunn*, 137 S. Ct. 1790, 1801 (2017). He cannot meet his burden *now* by presenting evidence that was not raised before the circuit court.

¶ 24    What remains is the issue of David's move from Brighton Park back to the Oak Park area. It is undisputed that David moved some 45 minutes closer to Kristian between the entry of the June 2017 agreed order and the July 2019 motion to modify parenting time. Relying on *In re Marriage of Adams*, 2017 IL App (3d) 170472, David argues that a parent's relocation may serve as the basis for a finding that there has been a substantial change in circumstances. While relocation certainly *may* constitute a substantial change in circumstances, *Adams* does not stand for the proposition that every time one parent moves, there has been a substantial change. In that case, the custodial parent moved 324 miles away without notice, agreement, or leave of court. *Id.* ¶ 4. In this case, David, the non-custodial parent, moved a much shorter distance, back to the same area where he lived at the time of the original Joint Parenting Agreement. *Adams* is clearly distinguishable.

¶ 25    David contends that the circuit court should not have given any weight to the fact that he lived in Oak Park at the time of the original order. For this proposition he looks to the language of section 610.5(c), which specifically refers to "facts that have arisen since the entry of the

existing parenting plan". He contends that the *existing* parenting plan is memorialized in the June 2017 order, so only changes after that date should have been considered. But that argument ignores the fact that the June 2017 order did not create a new parenting plan from whole cloth; it simply rearranged the summer and spring break schedules in the June 2016 Joint Parenting Agreement. The existing parenting plan, therefore, is the June 2016 order as modified by the June 2017 order. Consequently, the facts as they were in 2016 are relevant to determine whether changes after 2017 were "substantial". The circuit court found, based on the very limited evidence before it, that David's move back to Oak Park was not a substantial change in circumstances.

¶ 26    We cannot say that the circuit court's conclusion that David had failed to establish a substantial change in circumstances was against the manifest weight of the evidence. That conclusion was neither unreasonable, arbitrary, nor not based on the evidence. See *Lawlor*, 2012 IL 112530, ¶ 70.

¶ 27                                CONCLUSION

¶ 28    The circuit court did not err in denying David's motion to modify parenting time. We affirm the judgment of the circuit court.

¶ 29    Affirmed.