2024 IL App (2d) 230296-U
No. 2-23-0296
Order filed January 30, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MELISSA DAWN BEDFORD | ) | Appeal from the Circuit Court |
| | ) | of Kendall County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-DC-210 |
| | ) | |
| RYAN LEE BEDFORD, | ) | Honorable |
| | ) | John F. McAdams, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's determination that ex-spouse's changing her residence and enrolling children in a different school were (1) a substantial change in circumstances and (2) not in the children's best interests was not against the manifest weight of the evidence. Affirmed.

¶ 2   Defendant, Ryan Lee Bedford, moved for a modification of the parenting plan entered in the judgment of dissolution of his marriage to plaintiff, Melissa Dawn Bedford. The trial court determined that Melissa's change of residence and enrollment of the parties' children in a different school constituted a substantial change in circumstances and not in the children's best interests, warranting a modification of the parenting plan. Melissa appeals.

¶ 3                                I. BACKGROUND

¶ 4      Melissa and Ryan were married from 2007 to 2023. They have two children, Leighann, born in 2012, and Sawyer, born in 2014. During the marriage, and at the time of the divorce prove-up, Ryan worked for the city of Plano, and Melissa worked as a speech pathologist in the Oswego school district. The family had always lived in Plano, and the children attended preschool and grade school in the Plano school district. At the time of the prove-up on January 25, 2023, the parties still resided in the marital residence in Plano.

¶ 5      The parties represented themselves in the divorce proceedings, utilizing approved forms available on the Illinois courts website. Pursuant to the parenting plan, the parties have joint decision making for all parental decisions. They share the children equally and exchange them weekly. In paragraph 11 of the plan, Melissa is designated as the custodial parent, whose home is the children's residential address "for school enrollment purposes only."

¶ 6      In the judgment of dissolution, Ryan was awarded the marital residence and was to refinance the debt on the real estate to remove Melissa from obligation by March 1, 2023. Melissa was to sign a quitclaim deed transferring her interest to Ryan by March 1, 2023. There was no specific plan for Melissa to vacate the residence.

¶ 7      In February 2023, following a spat between the parties over mice, Melissa vacated the marital residence and moved temporarily into her parents' home in Montgomery, IL. The children began spending a week with each parent as provided for in the parenting agreement. They continued to attend school in Plano, with Melissa transporting them from Montgomery to and from school during her parenting week.

¶ 8      On March 23, 2023, Melissa filed a change of address notification with the court, indicating that her new address was her parents' home. She then emailed Ryan advising him of her intent to

enroll the children in Oswego schools starting in fall 2023. Ryan objected to a change of school and, on April 12, 2023, filed motions to vacate the judgment and modify the parenting plan, specifically paragraph 11 designating Melissa's address for school enrollment purposes.

¶ 9     In mid-August 2023, the trial court heard testimony from the court-appointed guardian *ad litem* (GAL) and the parties. At that time, Leighann was about to start fifth grade and Sawyer, third grade. The court found that there was a substantial change in circumstances warranting a modification of the parenting plan and that it was in the best interests of the children to remain in Plano schools.

¶ 10                                    II. ANALYSIS

¶ 11    Melissa argues that granting Ryan's motion to modify the plan was error because there was not a substantial change in circumstance. The trial court, however, used a two-part test in deciding Ryan's motion to modify the parties' parenting plan: (1) whether a substantial change in circumstances had occurred and (2) whether modifying the plan was in the best interests of the children. See *In re Marriage of* Burns, 2019 IL App (2d) 180715, ¶ 26 (stating standard under section 610.5(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/610.5(c) (West 2016)). Because Melissa does not mention the children's best interests, she has forfeited the issue. See *Wilbourn v. Cavalenes*, 398 Ill. App. 3d 837, 852 (2010) (failure to argue issue on appeal results in forfeiture of point on appeal). Forfeiture aside, we believe that the trial court correctly ruled in Ryan's favor.

¶ 12    Section 610.5 of the Act states the applicable standard for modifying a parenting plan:

> "the court shall modify a parenting plan or allocation judgment when necessary to serve
>
> the child's best interests if the court finds, by a preponderance of the evidence, that on the
>
> basis of facts that have arisen since the entry of the existing parenting plan or allocation

judgment or were not anticipated therein, a substantial change has occurred in the circumstances of the child or of either parent and that a modification is necessary to serve the child's best interests." 750 ILCS 5/610.5(c) (West 2016).

¶ 13    "The question in a modification proceeding is always what is in the best interests of the children." *In re Marriage of Adams*, 2017 IL App (3d) 170472, ¶ 19. We review the trial court's conclusion that "there was a substantial change in circumstances that warranted a modification of parenting time in order to serve the best interests of the children, and we will uphold it unless it is against the manifest weight of the evidence." *Id.* (citing *In re Marriage of Bates*, 212 Ill. 2d 489, 515-16 (2004)).

¶ 14                          A. Substantial Change of Circumstances

¶ 15    The trial court properly considered the individual needs of the children in determining that moving from the Plano school district to the Oswego school district constituted a substantial change of circumstances. See *In re Marriage of Davis*, 341 Ill. App. 3d 356, 359 (2003) ("The change in circumstances must directly affect the needs of the child."). Specifically, the court noted the potential impact of the much larger Oswego school district on Leighann's shyness and on Sawyer's individualized education program (IEP). Given the children's emotional needs and the fact that they had attended school in the smaller Plano district their entire lives, the court found that switching to a larger district several miles away is a substantial change in the children's circumstances. See *In re Marriage of Adams*, 2017 IL App (3d) 170472, ¶ 19 (citing 750 ILCS 5/609.2(a) (West 2016) ("For purposes of section 610.5 of the Act, a parent's relocation constitutes a substantial change in circumstances.")).

¶ 16    Melissa does not address the trial court's reasoning; instead, she argues that the change could not be substantial because it was anticipated by the parties. See 750 ILCS 5/610.5(c) (West

2016) (requiring a substantial change in circumstances to be based on facts that "were not anticipated" in the entry of the existing parenting plan). Reading the parenting plan and judgment of dissolution together (see *In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶ 27 (the parties intent must be determined from the marital settlement agreement as a whole), Melissa points to the following provisions to show that the parties anticipated the school change: her workplace is in Oswego; she is named the parent who has the majority of parenting time; her residence is the children's residential address for school enrollment purposes; Ryan was awarded the marital residence, and Melissa was to sign a quitclaim deed transferring her interest in the residence to Ryan by March 1, 2023. According to Melissa, these provisions give rise to the "reasonable inference that the parties contemplated that [she] might live apart from her former spouse and possibly move with the children to the school district where she worked."

¶ 17    Melissa ignores the intent inherent in the parenting plan provision requiring that both parents make education decisions, including choice of schools. She also does not mention the provisions of the plan dividing parenting time equally between the parties. We are not convinced that the factors Melissa identifies establish that both parties anticipated a change in schools, as they include the designation of her home as "the children's residential address for *school enrollment purposes only*" (emphasis added) but do not include the parties' express intent that choice-of-school decisions must be made jointly. Nothing in the record indicates that Ryan conceded to a change of schools or to Melissa's unilateral authority over the choice of schools.

¶ 18    Melissa also points to the hearing, where she testified that she has worked for the Oswego school district for 13 years, had no interest in remaining in the marital residence following the divorce, and told Ryan prior to the entry of the judgment of dissolution that she was considering moving somewhere other than Plano and was looking to buy a house in Yorkville or Montgomery.

This testimony may reveal Melissa's thoughts but says nothing about Ryan's. In fact, an exhibit of Melissa's text exchanges with Ryan shows that they agreed, shortly before entering into the dissolution judgment, that they did not want the kids to switch schools. The texts also show that as of the entry of the dissolution judgment on January 25, 2023, the parties anticipated that Melissa would remain in the former marital home in Plano and continue to pay rent to Ryan, and the children would stay in the Plano school district. Melissa further testified at trial that she did not move out until after January 25, and her decision to change the children's school enrollment from Plano to Oswego did not occur until March of 2023.

¶ 19 The trial court's determination that there was a substantial change of circumstances unanticipated in the existing parenting plan was not against the manifest of the evidence.

¶ 20 B. Best Interests of the Children

¶ 21 Nor did the court err in determining that it was in the children's best interests to grant Ryan's motion to modify the parenting plan. Factors to be considered in determining children's best interests with respect to a modification of a parenting plan include: each parent's wishes; the children's wishes and needs; the children's adjustment to home, school, and community; the interaction and interrelationship of the children with their parents and siblings and with any other person who may significantly affect the children's best interests; and any prior agreement or course of conduct between the parents relating to caretaking functions with respect to the children. 750 ILCS 5/602.7 (West 2020);. *In re Marriage of Adams*, 2017 IL App (3d) 170472, ¶ 20.

¶ 22 Parenting and caretaking are shared equally between Melissa and Ryan, and the children appear to have good relationships with both parents. When the prior agreement was entered, both parents wished that the children would stay in the Plano school district, although Melissa's wish

later changed in favor of moving the children to the Oswego school district. The evidence indicates that Leighann and Sawyer are well-adjusted to living and attending school in Plano. According to the GAL, both children stated their preferences to remain in Plano schools. Leighann's teacher described Leighann as being very shy but studious and an excellent student. The teacher recommended that Leighann be in the same class as her friend Candace for the upcoming school year because Candance is helpful in bringing Leighann out of her shell. Sawyer is doing well and making progress under the IEP that is presently in place. Melissa, who is a speech-language pathologist, agreed that Sawyer is doing well in the speech therapy program and is making progress.

¶ 23    The trial court's conclusion that changing to the Oswego school district is not in the children's best interests is not against the manifest weight of the evidence.

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 26    Affirmed.