NOTICE
Decision filed 01/07/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240890-U

NO. 5-24-0890

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| JESSICA A. GILL, | ) | Washington County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 19-D-36 |
| | ) | |
| JOSEPH A. GILL, | ) | Honorable |
| | ) | Eugene E. Gross, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's decision is reversed where the court erred by modifying parenting responsibility and parenting time, because the court applied the incorrect legal standard.

¶ 2    Petitioner, Jessica A. Gill, appeals the circuit court's order modifying parenting responsibilities and parenting time, entered on August 7, 2024, awarding respondent, Joseph A. Gill, sole parental decision-making responsibilities.[1] On appeal, Jessica argues that the trial court

---

[1]Pursuant to Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018), except for good cause shown, this court is to issue a decision within 150 days after the filing of the notice of appeal. Accordingly, Rule 311(a)(5) requires the decision in this case to be filed on or before January 6, 2025. This court finds it necessary to file this disposition past the due date, and we find good cause to issue our decision outside the 150-day timeframe.

erred by modifying parenting responsibility and parenting time. For the reasons that follow, we reverse and remand.

¶ 3                                I. BACKGROUND

¶ 4      We limit our recitation to those facts relevant to our disposition of this appeal. We will recite additional facts in the analysis section as needed to address the specific arguments of the parties.

¶ 5      Jessica and Joseph (hereinafter "mother" and "father") divorced on July 7, 2023, following a bench trial. The parties share three biological children. Prior to trial, the parties settled most parenting related issues, which were addressed in the trial court's judgment entered on July 7, 2023. An amended judgment of dissolution of marriage was later entered by agreement on February 16, 2024, to correct a scrivener's error.

¶ 6      Relevant to this disposition, the judgment indicated that health decisions, religion decisions, and extracurricular decisions would be made jointly by the parties. Educational decisions, including choice of schools, would be made by mother. If the children attended private school, mother was responsible for the costs associated with their education. If mother enrolled the children in public school, the children would attend school in mother's school district and the parties would share equally in the costs of their education. Regarding parenting time, the judgment indicated that mother had the majority of parenting time and therefore was the primary custodian of the children. Father received parenting time on his days off, which was largely the weekends. The parties would adjust father's parenting time based on his work schedule changes. Mother resided in Nashville, Illinois, at this time.

¶ 7      On April 4, 2024, mother advised father that she intended to move to an address in Breese, Illinois, and send the children to a public school in Aviston, Illinois. The move would take place

2

in July 2024, before the school year started. Mother asked father to amend the parenting time schedule. This move would result in father having to drive 35 minutes from his home to the school, one way.

¶ 8 On May 7, 2024, father filed a petition for injunctive relief seeking to restrain mother from relocating the children from Nashville, Illinois, to Breese, Illinois. The same day, father also filed a motion to modify parenting time and responsibilities. The trial court ordered the parties to mediation, which did not result in an agreement. The matter was set for trial for July 16, 2024.

¶ 9 Trial was rescheduled for July 30, 2024. On July 19, 2024, father filed a motion for leave to amend *instanter* and attached a proposed amended motion to modify parenting time and responsibilities. In the motion, father argued that it was in "the best interests of the children that the parenting time be modified wherein Father has the children during the school week, and Mother exercises every weekend during the school year." Father also argued that it was "in the best interests of the children that decision making as it relates to education be placed in Father." Mother objected to the amended motion, arguing that it was different from the original requests. Specifically, mother argued that the original motion to modify "requested only that the status quo of parenting time ordered in the original Allocation be modified in such a manner as to allow Father to have regular and frequent contact with the children." Mother argued that she "is allowed time to respond to the Amended Motion to Modify, which will not have expired by the time the hearing on all pending is scheduled." Mother indicated that she did not have sufficient time to respond and prepare for trial based on the pleadings in the amended motion.

¶ 10 Finally, mother argued that parenting responsibilities could only be modified "upon stipulation of the parties or upon an allegation there is reason to believe the child's present environment may endanger seriously his or her mental, moral, or physical health or significantly

3

impair the child's emotional development." Mother contended that the parties did not stipulate to "eliminate the necessity of waiting two years to petition to modify parenting responsibilities." Mother argued that there was no allegation in father's pleadings that there was reason to believe that the children's environment endangered their mental, moral, or physical health or significantly impaired their emotional development "as required by Section 5/610.5(a)."

¶ 11    The parties appeared on July 30, 2024. Following testimony and argument of the parties, the trial court rendered its oral pronouncement. The court noted that this case was "kind of a hard case to decide." The court stated that it was "in the best interests of the children that they spend as much time as possible with both mom and dad. And if they're relocated to Breese, it significantly impairs his ability to see the kids on a frequent and regular basis which he's been doing since 2019." The court ordered the children to reside with father during the school year, and mother would have the children every weekend. The court ordered "joint decision making as far as school goes." The court later stated: "So, I'm going to make them joint, joint decision making on all issues, including education ***."

¶ 12    The court entered a written order on August 7, 2024. The court ordered father to have parenting time with the minor children during the school year, and mother was awarded parenting time every weekend during the school year. During the summer, "the parties shall continue as they currently are." The court changed the residential address of the children to father's residence, "for purposes of school enrollment." Finally, the court ordered "decision-making responsibilities of the parties as it relates to education shall be joint."

¶ 13    On August 8, 2024, this timely appeal followed.

4

¶ 14                                    II. ANALYSIS

¶ 15    First, mother argues that the trial court erred by modifying parenting responsibility. Second, mother argues that the trial court erred by modifying parenting time. For the reasons that follow, we agree with mother and reverse.

¶ 16    The parties dispute the standard of review. However, it is well settled that questions of law are reviewed *de novo*. *People v. Sanders*, 238 Ill. 2d 391, 398 (2010). The standard of review is *de novo*, because the issue involves the statutory interpretation of section 610.5(a) of the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/610.5(a) (West 2022). Moreover, in this case, the trial court applied the wrong legal standard in exercising its discretion, and we must first identify the correct legal standard, which is a question of law, subject to *de novo* review. *Myrick v. Union Pacific R.R. Co.*, 2017 IL App (1st) 161023, ¶ 21. Here, as we will discuss, the trial court abused its discretion, because it relied on an incorrect rule of law.

¶ 17    As an initial matter, we note that both the parties and the trial court apply incorrect legal standards governing the issues in this appeal. Therefore, we first begin our analysis with the applicable statute. Modifications of orders allocating parental decision-making responsibilities and parenting time are governed by section 610.5 of the Act (750 ILCS 5/610.5 (West 2022)). That provision states in relevant part as follows:

> "(a) Unless by stipulation of the parties or except as provided in Section 603.10 of this Act, no motion to modify an order allocating parental decision-making responsibilities, not including parenting time, may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his or her mental, moral, or physical health or significantly impair the child's emotional development. Parenting time may be modified at any time, without a showing of serious endangerment, upon a showing of changed circumstances that necessitates modification to serve the best interests of the child.
>
> (b) (Blank).

(c) Except in a case concerning the modification of any restriction of parental responsibilities under Section 603.10, the court shall modify a parenting plan or allocation judgment when necessary to serve the child's best interests if the court finds, by a preponderance of the evidence, that on the basis of facts that have arisen since the entry of the existing parenting plan or allocation judgment or were not anticipated therein, a substantial change has occurred in the circumstances of the child or of either parent and that a modification is necessary to serve the child's best interests." *Id.*

¶ 18 In the case before us, as discussed in detail below, the trial court erroneously applied a best interests standard to both the modification of parenting responsibility and parenting time. Examining the language of section 610.5(a) (*id.* § 610.5(a)), we observe that the statute clearly distinguishes between parental decision-making responsibilities and parenting time. The first sentence of section 610.5(a) addresses the timing of a request to modify an order allocating parental decision-making responsibilities. *Id.* (providing that, absent reason to believe a child is seriously endangered, "no motion to modify an order allocating parental decision-making responsibilities, not including parenting time, may be made earlier than 2 years after its date."). The second sentence of section 610.5(a) states that "[p]arenting time may be modified at any time, without a showing of serious endangerment, upon a showing of changed circumstances that necessitates modification to serve the best interests of the child." *Id.*

¶ 19 The plain language of the second sentence of section 610.5(a) addresses two topics. First, it dictates the timing of a request to modify an order allocating parenting time. Such an order may be modified "at any time." Second, it specifies the legal standard applicable to the modification of an order allocating parenting time. *Id.* That legal standard is simply "changed circumstances." The plain language of section 610.5(a) simply requires a party seeking the modification of an order allocating parenting time to show "changed circumstances." With these principles in mind, we turn to the merits of this appeal.

6

¶ 20                    A. Modification of Parenting Responsibility

¶ 21    Mother first contends that the trial court applied an incorrect legal standard in assessing father's request to modify parenting responsibility. Section 610.5(a) of the Act provides:

> "[N]o motion to modify an order allocating parental decision-making responsibilities, not including parenting time, may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his or her mental, moral, or physical health or significantly impair the child's emotional development. Parenting time may be modified at any time, without a showing of serious endangerment, upon a showing of changed circumstances that necessitates modification to serve the best interests of the child." *Id.*

¶ 22    In the present case, the parties entered into an agreement with respect to the allocation of parental responsibilities, and the parties' agreement included that mother retained all parenting responsibility related to educational decisions. Mother's move and subsequent change of school was therefore envisioned as part of the circumstances surrounding the agreed order. The record reflects that father filed a motion for leave to amend *instanter* and attached a proposed amended motion to modify parenting time and responsibilities. In the motion, father argued that it was in "the best interests of the children that the parenting time be modified wherein Father has the children during the school week, and Mother exercises every weekend during the school year." Father also argued that it was "in the best interests of the children that decision making as it relates to education be placed in Father." Mother objected to the amended motion, in part, arguing that she lacked sufficient time to respond to the amended motion. Moreover, mother argued that father pleaded an incorrect best interests standard. Mother argued that parenting responsibilities could only be modified "upon stipulation of the parties or upon an allegation there is reason to believe the child's present environment may endanger seriously his or her mental, moral, or physical health or significantly impair the child's emotional development" pursuant to statute. We agree with mother.

¶ 23    The operative language from section 610.5(a) states "no motion to modify an order allocating parental decision-making responsibilities, not including parenting time, may be made earlier than 2 years after its date." *Id.* The exception to this two-year waiting requirement is when there is reason to believe serious endangerment to the child exists. *Id.* Thus, according to the plain language of section 610.5(a), neither party in this matter was permitted to seek modification of the parental decision-making responsibilities until two years passed, unless one of the parties presented a reason to believe there was serious endangerment to the children. Father did not seek a change in the allocation of parental decision-making responsibilities until July 19, 2024, which occurred less than two years after the original allocation of parental decision-making responsibilities. Therefore, father was required by statute to plead serious endangerment, and the court was required to make findings regarding any serious endangerment to the children. Father made no such pleadings, and the court failed to consider this statutory requirement altogether. This was error.

¶ 24    The trial court compounded such error by failing to follow the correct statutory standard. In its order, the court stated that it was "in the best interests of the children that they spend as much time as possible with both mom and dad. And if they're relocated to Breese, it significantly impairs his ability to see the kids on a frequent and regular basis which he's been doing since 2019." The court ordered the children to reside with father during the school year, and mother would have the children every weekend. The court ordered "joint decision making as far as school goes." The court later stated: "So, I'm going to make them joint, joint decision making on all issues, including education ***." Neither the court's oral pronouncement, nor the written order, sets forth any allegation that the children were endangered. Therefore, the court erred by modifying its order less than two years following the settlement agreement, because there was no allegation that the

8

children were endangered. For these reasons, we must vacate the judgment of the trial court and remand this matter for further proceedings that will allow the court to issue a ruling on the pleadings properly before it.

¶ 25                                B. Parenting Time

¶ 26    Turning to parenting time, mother argues that father failed to prove by a preponderance of the evidence that a substantial change in circumstances occurred sufficient to justify changing the parenting time schedule so drastically that he was granted the majority of parenting time after mother had majority of parenting time. Mother argues that father failed to prove that it was in the best interests of the children to modify parenting time to award him the majority. Father responds, arguing that the trial court was not required to make an explicit finding of changes in circumstances where the facts and evidence remained the same. For the reasons that follow, we agree with mother and reverse.

¶ 27    Pursuant to section 610.5(a) of the Act, "[p]arenting time may be modified at any time, without a showing of serious endangerment, *upon a showing of changed circumstances* that necessitates modification to serve the best interests of the child." (Emphasis added.) *Id.* Section 610.5(c) of the Act also provides that

> "the court shall modify a parenting plan or allocation judgment when necessary to serve the child's best interests if the court finds, by a preponderance of the evidence, that on the basis of facts that have arisen since the entry of the existing parenting plan or allocation judgment or were not anticipated therein, *a substantial change has occurred in the circumstances of the child or of either parent* and that a modification is necessary to serve the child's best interests." (Emphasis added.) *Id.* § 610.5(c).

¶ 28    Therefore, pursuant to section 610.5(c) of the Act, the resolution of a motion requesting a modification of parenting time involves a two-step process. The trial court must first determine whether the movant has established, by a preponderance of the evidence, that a substantial change in circumstances has occurred based on facts that have arisen since the entry of the existing

9

parenting plan. *Id.*; *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 26. Only if the movant has met that burden does the trial court then move on to the question of whether a modification of the existing parenting plan would be in the children's best interests. *Burns*, 2019 IL App (2d) 180715, ¶ 26.

¶ 29 The legislature requires a showing of a substantial change in circumstances in order to promote stability and continuity with respect to the children's custodial and environmental relationships. See *In re Marriage of Wycoff*, 266 Ill. App. 3d 408, 409-10 (1994). Accordingly, the best-interest factors enumerated in section 602.7(b) of the Act come into play only when the trial court considers the merits of the petition to modify; before the trial court may consider the merits of the petition, it must first be satisfied that there has been a substantial change in circumstances to justify its consideration. Accordingly, in the present case, the trial court had no authority to modify the parties' allocation of parenting time absent a finding that there had been a substantial change in circumstances since the entry of its original order.

¶ 30 Additionally, section 610.5(e) of the Act provides:

"(e) The court may modify a parenting plan or allocation judgment without a showing of changed circumstances if (i) the modification is in the child's best interests; and (ii) any of the following are proven as to the modification:

(1) the modification reflects the actual arrangement under which the child has been receiving care, without parental objection, for the 6 months preceding the filing of the petition for modification, provided that the arrangement is not the result of a parent's acquiescence resulting from circumstances that negated the parent's ability to give meaningful consent;

(2) the modification constitutes a minor modification in the parenting plan or allocation judgment;

(3) the modification is necessary to modify an agreed parenting plan or allocation judgment that the court would not have ordered or approved under Section 602.5 or 602.7 had the court been aware of the circumstances at the time of the order or approval; or

10

(4) the parties agree to the modification." 750 ILCS 5/610.5(e) (West 2022).

¶ 31 While a parent's relocation can constitute a change in circumstances (see *In re Marriage of Adams*, 2017 IL App (3d) 170472, ¶ 19), under the facts of the present case, the trial court failed to engage in an analysis in conformity with the statute. As noted above, the court merely indicated that it was "in the best interests of the children that they spend as much time as possible with both mom and dad." The court ordered the children to reside with father during the school year, and mother would have the children every weekend. The court failed to address the issue of a substantial change in circumstance as required by statute. The trial court must first determine whether the movant has established, by a preponderance of the evidence, that a substantial change in circumstances has occurred based on facts that have arisen since the entry of the existing parenting plan. 750 ILCS 5/610.5(c) (West 2022); *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 26. Only if the movant has met that burden does the trial court then move on to the question of whether a modification of the existing parenting plan would be in the children's best interests. *Burns*, 2019 IL App (2d) 180715, ¶ 26. Because father failed to meet his burden of showing a substantial change in circumstances, the trial court erred by modifying the parties' parenting time.

¶ 32                                    III. CONCLUSION

¶ 33 For the foregoing reasons, we reverse and the judgment of the circuit court of Washington County and remand for further proceedings consistent with this order.


¶ 34 Reversed and remanded.

11